UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Edward Pistorio, *et al.*,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No. 20-cv-11838

FCA US LLC　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　United States District Court Judge

    Defendant.
_____/

Corey Gerritsen, *et al.*,

    Plaintiffs

v.　　　　　　　　　　　　　　　　　　Case No. 2:21-cv-10278

FCA US LLC　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　United States District Court Judge

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE**

Before the Court is Defendant's motion to consolidate two cases: *Pistorio, et al. v. FCA US LLC* (Case No. 2:20-cv-11838) and *Gerritsen, et al. v. FCA US LLC* (Case No. 2:21-cv-10278). The motion is concurrently filed in both cases. Plaintiffs do not oppose the consolidation but request that the Court waits until the Court rules on a currently pending motion to dismiss in *Pistorio*. (ECF No. 19). For the reasons below, the Court GRANTS Defendant's motion to consolidate.

## **BACKGROUND**

On September 24, 2019, Plaintiffs filed *Gerritsen v. FCA US LLC* in the United States District Court for the Central District of California. It is a putative class action of California

1

vehicle purchasers based on alleged defects in the Uconnect infotainment systems of vehicles manufactured by FCA US LLC. (*Gerritsen*, ECF No. 58 at PageID 882).

On July 7, 2020, Plaintiffs filed *Pistorio v. FCA US LLC* in this District. It is also a putative class action of nationwide purchasers based on the same alleged defects in the Uconnect infotainment systems of vehicles manufactured by FCA US LLC. (*Pistorio*, ECF No. 1). Plaintiffs in both cases are represented by the same counsel.

On September 8, 2020, the Central District of California in *Gerritsen* issued an opinion and order denying in part and granting in part Defendant's motion to dismiss the second amended complaint. (Gerritsen, ECF No. 58). The California court largely rejected Defendant's arguments and only granted the motion to dismiss as to one Defendant. (Gerritsen, ECF No. 58).

On February 2, 2021, the California court issued an opinion and order granting Defendant's motion to transfer *Gerritsen*'s venue from the Central District of California to this District pursuant to 28 U.S.C. § 1404(a). (*Gerritsen*, ECF No. 69). The opinion and order summarizes why transfer of venue was appropriate:

> The plaintiffs who were previously named in this action were dismissed per stipulation because this Court lacked personal jurisdiction over Defendant relative to those plaintiffs' claims since those plaintiffs are from other states and Defendant[] is not subject to general personal jurisdiction in California. Those plaintiffs then filed their nationwide class action – *Pistorio* – in the United States District Court for the Eastern District of Michigan, where Defendant is headquartered. The only difference between *Pistorio* and this case is that the plaintiffs in *Pistorio* assert claims on behalf of a putative nationwide class – including California purchasers like Plaintiffs in this case – whereas the putative class in this case is limited to California purchasers. Thus, this action appears to be largely – if not wholly – subsumed within *Pistorio*.

(*Gerritsen*, ECF No. 69 at PageID1317). The California court emphasized the importance of judicial economy in its reasoning. The California court foresaw that *Gerritsen* and *Pistorio* would be consolidated:

> Transferring this action to the Eastern District of Michigan would avoid expending scarce judicial resources to two overlapping cases litigated by the same counsel, and would facilitate the consolidation of this matter with *Pistorio* – a measure that will plainly promote judicial economy and efficiency.

(*Gerritsen*, ECF No. 69 at PageID 1319).

**ANALYSIS**

Under FED. R. CIV. P. 42(a), if cases involve a common question of law or fact, "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

The parties agree that the cases should be consolidated. The only issue in dispute is when that should occur. (Pl's Br., ECF No. 33 at PageID 899).

Plaintiffs only oppose Defendant's motion "because FCA seeks to file a new motion to dismiss, including moving to dismiss the California claims which have already been ruled on." (Pl's Br. at PageID 899). Plaintiffs argue that (1) allowing Plaintiffs to file a consolidated complaint now and allowing Defendants to file a renewed motion to dismiss would result in months-long delay; and (2) Defendants should not get a "second chance to dismiss Plaintiffs' California claims. (Pl's Br. at PageID 900).

The Court is unsympathetic to Plaintiff's first argument regarding a few months delay. As the California court noted, Plaintiffs could have avoided this issue by filing all their claims in a single action in this District – the only venue where all claims could plainly proceed. As the California court noted, "[a]s the master of the complaint, Plaintiffs and their counsel were best positioned to avoid this situation." (*Gerritsen*, ECF No. 69 at PageID 1319).

The Court finds Plaintiff's second argument unpersuasive because it is inapplicable and misplaced. Plaintiffs argue that Defendant should not get another chance to move to dismiss Plaintiff's California claims under the "law of the case" doctrine. The law of the case doctrine

provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004). This doctrine also applies when a court is presented with an issue ruled on by a transferor court. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). Plaintiffs appear to be concerned that this Court will overturn the California court's opinion and order largely denying Defendant's motion to dismiss. However, this is inapplicable to the issue of whether these two cases should be consolidated under FED. R. CIV. P. 42(a).

Plaintiffs' law of the case argument is misplaced because the doctrine does not apply to an order denying a motion to dismiss, which is an interlocutory order. An order denying a motion to dismiss is an interlocutory order because it is not a "final decision" appealable under 28 U.S.C. § 1291. *U.S. v. Any and All Radio Station Transmission Equipment*, 204 F.3d 658, 668 (6th Cir. 2000). "An interlocutory order can be changed before the district court reaches a final judgment; therefore a court is not estopped from acting contrary to its own interlocutory order, and an interlocutory order cannot create the law of a case." *Guy v. Lexington-Fayette Urban County Government*, 488 Fed. Appx. 9, 17 (6th Cir. 2012). Therefore, the law of the case doctrine would not apply to the California court's order denying in part granting in part Defendant's motion to dismiss the second amended complaint in *Gerritsen* because it is an interlocutory order.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's motion to consolidate

4

*Gerritsen* (Case No. 2:21-cv-10278) and *Pistorio* (Case No. 2:20-cv-11838).

**IT IS SO ORDERED**.

Dated: June 24, 2021                    s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge