UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PISTORIO, et al.,

      Plaintiffs,

v.

FCA US LLC,

      Defendant.
_____/

Case No. 2:20-cv-11838
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE THE OPINIONS OF PLAINTIFFS' EXPERT STEVE LOUDON (ECF NO. 124) AND TAKING UNDER ADVISEMENT DEFENDANT'S MOTION TO EXCLUDE THE OPINIONS OF STEVEN P. GASKIN AND COLIN B. WEIR (ECF NO. 125)**

**A.**    **Background**

On July 7, 2020, Plaintiffs brought this action on behalf of themselves and others similarly situated against Defendant FCA US LLC. The case has a complicated and lengthy procedural history that is not relevant to the proceedings currently before the Court. For purposes of the instant motion, it is relevant to note that currently pending before the Court is a motion for class certification and for appointment of class representatives and class counsel, which in large part relies upon the expert opinion of Steve Loudon to show liability and the expert opinions of Steven P. Gaskin and Colin B. Weir to show damages. (ECF Nos. 117 & 118.) After the motion to certify was filed, Defendant FCA filed motions to exclude

Plaintiffs' expert testimony and reports.  (ECF Nos. 124 & 125.)  Thereafter, Plaintiffs filed three motions to exclude Defendant's expert opinions.  (ECF Nos. 128, 129, 130.)  Chief Judge Sean F. Cox referred all the motions to exclude to me pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF Nos. 126 & 132).

All five motions to exclude have been fully briefed, and I held a hearing on Defendant's motions (ECF No. 124 & 125) on February 21, 2025.  I ruled on the record on Defendant's motion to exclude the testimony Steve Loudon (ECF No. 124), but I took under advisement Defendant's motion to exclude the opinions of experts Steven P. Gaskin and Colin B. Weir (ECF No. 125).

**B.**     **Order**

Upon consideration of the oral argument and motion papers, including copies of the previously docketed lists and graphic charts designated as ECF No. 117-3, PageID.8631 and ECF No. 123, PageID.13020 & 13022, which were presented and considered at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendant's motion to exclude the opinions of Plaintiffs' expert Steve Loudon (ECF No. 124) is **GRANTED**.

As explained in detail on the record, Loudon's opinion does not satisfy *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), nor does it meet the

standard of Federal Rule of Evidence 702.  Plaintiffs have failed to show that it is more likely than not that:

> (1) Loudon's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) Loudon's testimony is based on sufficient facts or data;
>
> (3) Loudon's testimony is the product of reliable principles and methods; and
>
> (4) Loudon's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702(a)-(d).  This conclusion is further amplified by the Sixth Circuit's very recent opinion in *In re Nissan N. Am., Inc. Litig.,* 122 F.4th 239 (6th Cir. Nov 22, 2024), significantly criticizing Loudon's proposed testimony, which was substantially identical to the opinion testimony presented in this case, and overturning the district court's certification which relied upon Loudon's testimony.

Finally, Defendant's motion to exclude the opinions of experts Steven P. Gaskin and Colin B. Weir (ECF No. 125) is **TAKEN UNDER ADVISEMENT.**

**IT IS SO ORDERED.**[1]

Dated:  February 24, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

3